## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1643** (Ohio County 11-F-24)

**Jack R. Watts,**
**Defendant Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Jack Watts, by counsel Robert Catlett, appeals the October 28, 2011 order of the Circuit Court of Ohio County sentencing him to an aggregate term of incarceration of 215 to 705 years and fifty years of supervised release following his conviction on four counts of first degree sexual assault, five counts of first degree sexual abuse, and nine counts of sexual abuse by a person in a position of trust to a child. The State of West Virginia, by counsel Laura Young, has filed its response, to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial, petitioner was convicted on four counts of first degree sexual assault, five counts of first degree sexual abuse, and nine counts of sexual abuse by a person in a position of trust to a child. On October 28, 2011, petitioner received consecutive sentences for the offenses, totaling an aggregate term of 215 to 705 years of incarceration plus fifty years of supervised release. Prior to trial, the State notified petitioner that it intended to offer evidence of his prior conviction for sending explicit text messages and solicitation of a minor pursuant to Rule 404(b) of the West Virginia Rules of Evidence and a hearing was held on the State's motion on July 28, 2011. Ultimately, the circuit court allowed this evidence to be admitted.

On appeal, petitioner alleges that the Rule 404(b) evidence was improperly admitted pursuant to this Court's holding in *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994); that the evidence was not relevant pursuant to Rule 401 and Rule 402; and that the evidence was so prejudicial that it should have been excluded pursuant to Rule 403. Petitioner also argues that the error was not harmless because the remaining evidence was relatively weak. In response, the State argues that the evidence was properly admitted to show petitioner's lustful disposition to children generally, the circuit court gave a limiting instruction, and the error was harmless because the jury found any inconsistences in the children's testimony were not material. In his reply, petitioner argues the evidence is irrelevant under Rules 401 and 402 because expert

1

testimony established that attraction to a sexually mature, thirteen-year-old female is unrelated to whether he had a lustful disposition towards young boys. Finally, petitioner argues the evidence was not harmless because being labeled a sex offender, in a sex offense case, is extremely prejudicial.

This Court has previously held that:

> The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review de novo whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*State v. Newcomb*, 223 W.Va. 843, 868, 679 S.E.2d 675, 700 (2009) (quoting *State v. LaRock*, 196 W.Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996)). This Court has also stated that

> Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an in camera hearing as stated in *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

Syl. Pt. 2, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994).

Upon our review, we find no error in the circuit court granting the State's motion to introduce evidence under Rule 404(b). To begin, petitioner concedes that the State has shown by a preponderance of the evidence that the acts occurred and that petitioner committed those acts. The circuit court heard testimony from the victim and admitted petitioner's plea agreement in connection with prior crimes. Moreover, the circuit court was correct in finding that the evidence was admissible for a legitimate purpose. As the circuit court noted, "the cases do not speak in terms of lustful disposition toward boys or . . . girls, rather, they speak generally of a lustful

2

disposition towards children, and what we have under the 404(b) incident and what we have under the allegations here are children . . . ." This Court has stated that

> [c]ollateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment. To the extent that this conflicts with our decision in *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986), it is overruled.

Syl. Pt. 2 *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Lastly, we find that it was not an abuse of discretion for the circuit court to conclude that this Rule 404(b) evidence was more probative than prejudicial. For these reasons, and because the circuit court complied with the requirements for the admission of such evidence under our holding in *McGinnis*, including providing a limiting instruction after each witness testified, the Court finds no error in the admission of the evidence in question. Because we find the circuit court did not err in admitting the 404(b) evidence, this Court declines to address whether the error was harmless.

For the foregoing reasons, we affirm the circuit court's decision.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II